NOT FOR PUBLICATION                                                                 (Document No. 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TASHA WARE, | : |
| Plaintiff, | : Civil No. 09-6420 (RBK/AMD) |
| v. | : **OPINION** |
| WYNDHAM WORLDWIDE INCORPORATED, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

      This case, having been removed from the Superior Court of New Jersey by Defendant Wyndham Vacation Resorts, Inc. ("WVR" or "Defendant"), comes before the Court on a motion by Plaintiff Tasha Ware ("Plaintiff") to remand to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff argues in support of the motion that removal was untimely pursuant to 28 U.S.C. § 1446(b) and that removal is inappropriate because the parties are not diverse under 28 U.S.C. § 1332. Because the Court finds Defendant's removal untimely, the Court grants Plaintiff's motion to remand.

**I.        BACKGROUND**

      Beginning in January 2004, Plaintiff was employed as a resort greeter by Defendant WVR, which is a subsidiary of a subsidiary of Wyndham Worldwide Corporation ("WWC"). Plaintiff alleges that her employer fostered and perpetrated multiple acts of sexual harassment

1

and discrimination against her and then retaliated when she notified her superiors of the abuse. Plaintiff further alleges that because of the stress she experienced at work, she was forced to take a twelve-week leave of absence. The culminating act of alleged employer retaliation occurred toward the end of the leave period, when Plaintiff asked to extend her leave. Plaintiff's employer told Plaintiff both verbally and in a letter written on "Wyndham Worldwide" letterhead that if she did not return to work at the end of the leave period, she would be administratively terminated. Plaintiff did not return at the end of this period and was terminated.

On September 11, 2009, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Civil Part, Atlantic County, alleging claims under the New Jersey Law Against Discrimination. It is apparent from the complaint, beginning with the first sentences, that Plaintiff intended to sue her employer.[1] However, the complaint named non-existent Wyndham Worldwide Incorporated ("WWI") as the only defendant. Thus, the complaint properly named neither WVR nor WWC.

On October 7, 2009, WVR accepted service of a summons and Plaintiff's complaint at its Atlantic City office. Soon after, on November 13, 2009, WVR filed a thorough answer, the opening sentence of which stated that, "*Defendant, Wyndham Vacation Resorts, Inc*. (incorrectly named in the complaint as Wyndham Worldwide Incorporated) . . . responds as follows." Answer at 1 (emphasis added). The answer further clarified that Plaintiff was hired by WVR and that WWI was "not the proper entity to be named in this action." Id. at ¶1.

On November 16, 2009, Defendant sent Plaintiff a stipulation of substitution and asked

---

[1] The first sentences of the complaint read: "Plaintiff Tasha Ware was at all time relevant hereto an employee of defendant Wyndham Worldwide Incorporated. Plaintiff was employed as a Wyndham Vacation Resort Greeter in defendant's Atlantic City Showplace. Plaintiff was initially hired in January of 2004 and performed competently and industriously for the defendant."

that Plaintiff sign the stipulation to formally dismiss WWI and substitute WVR as the sole defendant. On November 20, 2009, Plaintiff executed the stipulation, and on November 25, 2009, WVR filed the stipulation with the Superior Court.

On December 16, 2009, WVR filed a notice of removal invoking this Court's diversity jurisdiction. On January 7, 2010, Plaintiff filed the instant motion to remand.

## II.  STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995). Where the decision to remand is a close one, district courts are encouraged to err on the side of remand. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

## III.  DISCUSSION

Plaintiff argues in support of remand that Defendant's thirty-day removal window began on October 7, 2009, when Defendant accepted service of the complaint naming WWI as defendant. Pl. br. at 3-4. Under this interpretation, Defendant's December 16, 2009, attempted

removal was untimely. However, Defendant contends that the thirty-day removal window began on November 20, 2009, when Plaintiff signed the stipulation of substitution.[2] Def. br. at 4-8. Under this interpretation, Defendant's December 16, 2009, removal was timely. Because WVR received formal service of process, because the complaint made unmistakably clear that Plaintiff intended to sue her employer, and because the record shows that WVR indeed understood itself to be the defendant, the Court agrees with Plaintiff and finds that the thirty-day removal window began on October 7, 2009. Defendant's removal was therefore untimely.

The procedure for removal is stated in 28 U.S.C. § 1446(b) (2006). In pertinent part, section 1446(b) states that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." Only defendants have the right to remove. 28 U.S.C. § 1441(a) (2006) (actions "may be removed *by the defendant or the defendants*") (emphasis added); 28 U.S.C. § 1446(a) (2006) (setting forth procedure for "*a defendant or defendants* desiring to remove") (emphasis added); In re Notice of Removal by William Einhorn, 481 F. Supp. 2d 345, 347-48 (D.N.J. 2007) ("To interpret "defendant" to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by "defendants" to claims asserted by a plaintiff."). Thus, the thirty-day removal window cannot begin until an entity is officially made a defendant through formal process. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Until formally served and brought under a court's authority, an entity is not a defendant, but is simply a non-party that lacks

---

[2] Defendant argues that the date of execution, November 20, 2009, rather than the date of filing, November 25, 2009, of the stipulation of substitution should trigger the thirty-day removal window. Def. br. at 6. Because the difference between these dates is immaterial, the Court does not rule on which of these dates is appropriate for purposes of calculating the thirty-day window.

standing to remove.  See Einhorn, 481 F. Supp. 2d at 347-48.  Thus, the pivotal question in the present case is whether, and at what point, WVR became the defendant and thereby obtained standing to remove.

Defendant argues that under the second paragraph of section 1446(b),[3] the thirty-day removal clock should not have begun until WVR was first accurately named by virtue of the stipulation of substitution.  Def. br. at 6.  This argument rests on the premise that until the stipulation, WVR was not a party to the action and therefore did not have standing to remove.  Def. br. at 6.  In its brief, Defendant relies on two cases to support this premise.  However, the Court finds these cases readily distinguishable.

In the first case, In re Notice of Removal by William Einhorn, 481 F. Supp. 2d 345, 346 (D.N.J. 2007), a husband filed a divorce action against his wife in state court.  After the state court ordered the husband's health insurance carrier to insure the wife, the insurance carrier, "purporting to be 'an additional defendant' to the divorce case," filed a notice of removal.  Id. at 347.  Because the insurance carrier was not a party to the divorce action and because the insurance carrier would not have been a defendant had it actually been a party to the action, the court found that the insurance carrier did not have standing to remove.  Id. at 348.

The second case, American Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 298-98 (S.D.N.Y. 1999), involved a chain of three closely aligned potential defendants: a parent company ("Company A"), a subsidiary of the parent company ("Company B"), and a subsidiary of a subsidiary of Company B ("Company C").  Plaintiffs sued Companies

---

[3] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

5

A and B in an action arising from an insurance agreement that specifically named Companies A and B as insured parties. The agreement did not name Company C as an insured party, and the plaintiffs did not sue Company C. Nonetheless, Company C, claiming to be the only real party in interest, filed a notice of removal. The court found that Company C did not have standing to remove because, inter alia, it was not a defendant as required by section 1446(b). Id. at 298-99.

Defendant contends that like the insurance carrier in Einhorn and Company C in American Home, WVR was not a defendant and did not have standing to remove until the stipulation of substitution. Def. br. at 5-6. However, Defendant's argument overlooks important differences between these cases and the case before the Court.

First, there is an important distinction regarding service of process. In Einhorn and American Home, there is no indication that the removing parties were at any point brought into the action through service of process; instead, it appears that those parties learned of their possible involvement through other means. Since Murphy Brothers instructs that an entity does not become a defendant until formally served, the absence of formal service explains why the removing parties in Einhorn and American Home could not have been defendants. See Murphy Bros., 526 U.S. at 347-48. In the case before the Court, however, it is undisputed that notwithstanding Plaintiff's imperfect designation of its intended adversary, WVR received formal service of process.

Second, there is no indication that the plaintiffs in Einhorn and American Home made any mistake as to the identity of the initially sued parties. In Einhorn, a husband intended to sue his wife and only his wife and succeeded in doing so. And in American Home, the court expressly concluded that the plaintiffs did not err in naming Companies A and B as real parties in interest. 70 F. Supp. 2d at 298. Thus, the absence of intent to name the removing parties as

6

defendants explains why the Einhorn and American Home courts concluded that the removing parties were not defendants. In the matter before the Court, however, ample evidence shows that Plaintiff Tasha Ware intended to make WVR the defendant but made a mistake. Indeed, it would make no sense at all for Plaintiff to sue any entity other than WVR in an employment-related action that seeks relief only from Plaintiff's employer.

In light of these observations, the Court finds guidance from the line of cases wherein a plaintiff incorrectly names an intended corporate defendant. In these cases, when the intended defendant receives formal process and ascertains or should reasonably ascertain that it is the intended defendant, the intended defendant's thirty-day window begins upon service of the initial complaint. See Brown v. New Jersey Mfrs. Ins. Group, 322 F. Supp. 2d 947, 952-53 (M.D. Tenn. 2004) (holding that thirty-day clock began upon initial service of complaint upon New Jersey Manufacturers Insurance Company, even though plaintiffs intended to sue New Jersey Re-Insurance Company); Iulianelli v. Lionel, L.L.C., 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002) (holding that thirty-day clock began upon initial service of complaint naming Lionel Trains instead of the intended defendant, Lionel, LLC); Brizendine v. Continental Casualty Co., 773 F. Supp. 313, 315-16 (N.D. Ala. 1991) (holding that thirty-day clock began upon initial service of complaint naming CNA Insurance Company instead of the intended defendant, Continental Casualty Company); Jacobson v. Holiday Travel, Inc., 110 F.R.D. 424, 425 (E.D. Wis. 1986) (holding that thirty-day clock began upon initial service of complaint naming Holiday Travel Services, Inc. instead of the intended defendant, Holiday Travel, Inc.); see also Hillberry v. Wal-Mart Stores East, L.P., No. 05CV-63-H, 2005 WL 1862087, at *2 (W.D. Ky. Aug. 3, 2005) (allowing removal by Wal-Mart Stores East, L.P., of an action naming Wal-Mart as defendant.)

These cases suggest that two requirements must be satisfied to trigger the running of an intended but improperly named defendant's thirty-day removal window. Unsurprisingly, these factors reflect the considerations that were absent in Einhorn and American Home.

First, in accordance with Murphy Brothers, the intended defendant must be formally served with process. See Brown, 322 F. Supp. 2d at 952 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the intended defendant and named defendant shared an address and phone number and belonged to the same collective business group, and it was therefore likely that the intended defendant received the formally served complaint); Iulianelli, 183 F. Supp. 2d at 968 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the complaint was served upon a law firm that represented both the intended defendant and the named defendant, and service of the complaint upon the named defendant therefore "arguably sufficed" as service upon the intended defendant); Brizendine, 773 F. Supp. at 320 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the intended defendant in fact received service of the complaint); Jacobson, 110 F.R.D. at 426 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the intended defendant in fact received service of the complaint).

Second, the intended defendant must ascertain or be able to ascertain that it is indeed the intended defendant and that the plaintiff made a mistake in its complaint. That an intended defendant holds itself out under multiple names and is identified by one of these names is evidence that would cause an intended defendant to understand that the plaintiff has made a mistake. See Brown, 322 F. Supp. 2d at 952-53 (holding that the thirty-day clock began upon

service of complaint misnaming the intended defendant because, inter alia, the intended defendant was identified by trade names used in communications with the plaintiff and because of a "striking absence in the record . . . that Defendant was unaware of the lawsuit from its inception"); Iulianelli, 183 F. Supp. 2d at 968 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the intended defendant was identified by the name of its corporate predecessor and because the record "strongly indicate[d] that Defendant had actual knowledge of *both* the initial complaint *and* Plaintiff's error in naming"); Brizendine, 773 F. Supp. at 320 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the intended defendant was identified by a trade name); Jacobson, 110 F.R.D. at 426 (holding that the thirty-day clock began upon service of complaint misnaming the intended defendant because, inter alia, the intended defendant was identified by a name used on the pay checks issued to plaintiff).

It should be emphasized that this two-factor approach, which takes into account an intended defendant's knowledge, does not suggest that knowledge in itself is enough to trigger the thirty-day removal window.  Such a holding would be contrary to the rule of Murphy Brothers, which instructs that knowledge of a lawsuit, without formal service, does not trigger the thirty-day window. See 526 U.S. 344, 347-48.  But this Court does not read Murphy Brothers to foreclose all consideration of an intended defendant's knowledge.  Instead, where an intended defendant receives formal service and has unmistakable knowledge that it is the intended defendant, the thirty-day limit should begin upon the date of service that delivers such knowledge.

Applying this framework to the case at hand leads to the conclusion that WVR's thirty-

day removal window began on October 7, 2009. Here, Plaintiff formally served WVR at its correct address. The complaint alleged in detail numerous acts of misconduct performed by WVR, and the very purpose of the complaint was to seek relief *from Plaintiff's employer*. The only indication that Plaintiff intended to sue any entity other than WVR was the inaccurate use of WWI instead of WVR, and this mistake is easily explained by Plaintiff's receipt of a letter on "Wyndham Worldwide" letterhead directly pertaining to her employment. A reasonable entity presented with service under these facts would conclude from an initial glance at the complaint that Plaintiff clearly intended to sue her employer and only her employer, and that Plaintiff was mistaken as to her employer's proper corporate name.

All evidence before the Court indicates that Defendant indeed came to this logical conclusion. Not only did Defendant accept the initial service and notify Plaintiff that she had made a mistake in her complaint, but it also filed a thorough answer, the first paragraph of which explicitly pointed out that it understood itself to be the intended defendant. Given these facts, and notwithstanding the grammatical similarities between Wyndham Worldwide *Incorporated* and Wyndham Worldwide *Corporation*, the Court finds that the complaint naming WWI unmistakably signified a lawsuit against WVR.

Considering this analysis and keeping in mind that district courts are encouraged to err on the side of remand, the Court finds that Defendant has failed to meet its burden of establishing that removal was proper. WVR initially became the defendant and obtained standing to remove upon service of the original complaint on October 7, 2009. Accordingly, Defendant's notice of removal was due by November 6, 2009. The December 16, 2009, notice of removal was therefore untimely.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. An accompanying order shall issue today.


Date:      6/18/10                                              /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge